IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV450 |
| ) | |
| MARTIN J. O'MALLEY[1], ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On August 29, 2024, the Memorandum Opinion and Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). Plaintiff objected to the Recommendation. (Doc. 16.) Defendant filed a response. (Doc. 17.)

The court has carefully reviewed the portions of the Magistrate Judge's report to which objection was made and has made a *de novo* determination, which is in accord with the Magistrate Judge's report. The court finds that the objections do not change the substance of the Magistrate Judge's Recommendation, and the

---

[1] On December 20, 2023, Martin J. O'Malley was sworn in as Commissioner of Social Security, replacing Acting Commissioner Kilolo Kijakazi. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley has been substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

court therefore adopts the Recommendation. However, one of Plaintiff's objections warrants additional discussion.

Among Plaintiff's objections is her claim that she may be entitled to disability benefits under the Medical-Vocational Guidelines from the Social Security Administration applying to persons who are forty-five or older and can only perform unskilled, sedentary work. (Doc. 16 at 2-3); see also 20 C.F.R. Part 404, Subpart P, App'x 2, Rule 201.17 (2024). In such a case, a person is entitled to disability benefits if he or she is also illiterate. (Doc. 16 at 3); see also 20 C.F.R. Part 404, Subpart P, App'x 2, Rule 201.17 (2024). Plaintiff argues that her physical limitations may "affect the occupational base comparable [sic] to the effect of illiteracy." (Doc. 16 at 2-3).

This objection constitutes a new claim because it raises a ground for relief. See Samples v. Ballard, 860 F.3d 266, 273 (4th Cir. 2017). The court is not required to consider a claim "raised for the first time in objections to the magistrate judge's recommendation." Deaver v. Colvin, No. 5:13cv05776, 2014 WL 4639888, at *7 (S.D.W. Va. Sept. 16, 2014) (quoting Harris v. Astrue, No. 2:11-cv-01590, 2012 WL 4478143, at *5 (D.S.C. Sept. 18, 2012), aff'd sub nom. Harris v. Comm'r of Social Sec. Admin., 538 F. App'x 293 (4th Cir. 2012)). An argument, in contrast, is the position "taken in support of or against each asserted ground

2

for relief," which the court must consider when raised in objections, even for the first time. Samples, 860 F.3d at 273.

Here, Plaintiff's contention is a ground for relief because it argues that the Administrative Law Judge ("ALJ") made an error distinct from the others alleged, which led to a finding that Plaintiff was not disabled and thus not entitled to benefits. See McCray v. Colvin, No. 1:15CV951, 2017 WL 65830, at *1 (M.D.N.C. Jan. 6, 2017) (finding that a contention that an ALJ failed to give adequate weight to a prior ALJ's decision was a new claim); Thomas v. Colvin, No. 4:14cv105, 2016 WL 1070826, at *3 (E.D. Va. Mar. 16, 2016) (finding that the contentions that an "ALJ erred in assessing Plaintiff's difficulties in concentration, persistence, [and] pace" and "erred in his evaluation of [doctors'] opinions" were not "new arguments in support of an issue . . . but instead represent[ed] completely new claims"). For this reason, it fails at this juncture.

Even if it were properly raised before, this objection also fails on the merits. Plaintiff has not argued that she is illiterate. She has at least a high school education, (Doc. 5 at 33), has previously worked as a cashier and a sales associate, (id.), and has no mental impairments otherwise indicated in the administrative record (see id. at 35, 341, 347). Her physical impairments were specifically considered in the ALJ's

3

determination that she is not entitled to disability benefits. (See id. at 26-33.)

For these reasons, therefore,

IT IS ORDERED that the Commissioner's decision finding no disability is AFFIRMED, Plaintiff's Dispositive Brief (Doc. 9) is DENIED, Defendant's Dispositive Brief (Doc. 12) is GRANTED, and the action is DISMISSED WITH PREJUDICE.

/s/   Thomas D. Schroeder<br>United States District Judge

September 30, 2024